UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHINATOWN NEIGHBORHOOD ASSOCIATION, et al.,

    Plaintiffs,

    v.

EDMUND BROWN, et al.,

    Defendants.

_____/

No. C 12-3759 PJH

**ORDER GRANTING MOTION FOR LEAVE TO INTERVENE**

    Before the court is the motion of The Humane Society of the United States, the Asian Pacific American Ocean Harmony Alliance ("APAOHA"), and the Monterey Bay Aquarium Foundation ("MBAF") for leave to intervene as defendant-intervenors in the above-entitled action. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion.

    Intervention in a lawsuit by a non-party is governed by Federal Rule of Civil Procedure 24. Under Rule 24, there are two methods for intervention – intervention as a matter of right, and permissive intervention. Intervention is permitted as "of right" either when a federal statue authorizes intervention, or when

> the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2).

Intervention "of right" involves a four-part test. League of United Latin American Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997).  The applicant must demonstrate that the application is timely; that the applicant has a "significantly protectable interest" relating to the property or transaction involved in the pending lawsuit; that disposition of the lawsuit may adversely affect the applicant's interest unless intervention is allowed; and that the existing parties do not adequately protect the applicant's interests.  United States v. Aerojet Gen. Corp., 606 F.3d 1142, 1148 (9th Cir. 2010); Southwest Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 817-18 (9th Cir. 2001).

While an applicant seeking to intervene has the burden to show that all four elements are met, motions to intervene are interpreted broadly in favor of intervention. Prete v. Bradbury, 438 F.3d 949, 954 (9th Cir. 2006).  In determining whether intervention is appropriate, the court is "guided primarily by practical and equitable considerations." United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004).

Permissive intervention, by contrast, requires only that the proposed intervener "have a question of law or fact in common" with the underlying action, that the request be timely made, and that the court have an independent basis for jurisdiction over the proposed intervener's claims.  Fed. R. Civ. P. 24(b); see also, e.g., Southern California Edison Co. v. Lynch, 307 F.3d 794, 803 ( 9th Cir. 2002) (also requiring an independent basis for jurisdiction).  No showing of direct personal interest is required.  Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1109 (9th Cir. 2002).  In addition, the court may consider other relevant factors in making its discretionary decision.  See Spangler v. Pasadena City Bd. of Ed., 552 F.2d 1326, 1329 (9th Cir. 1977).

The proposed defendant-intervenors seek leave to intervene as of right, or, in the alternative, argue that the court should allow permissive intervention.  Plaintiffs oppose the motion, although they concede that the proposed intervenors have satisfied the first two parts of the four-part test for intervention as of right, and also meet the requirements for permissive intervention.  The existing defendants have filed a statement of non-opposition.

The court finds that the proposed intervenors have clearly satisfied the first three

elements of the four-part test for intervention as of right, as they have established that their application is timely, that they have a "significant protectable interest" in the Shark Fin Law, and that disposition of the present action may adversely affect such protectable interest. As for the fourth element, the court notes that the burden of showing inadequacy of representation is minimal and is satisfied if the applicant can demonstrate that "representation of its interests <u>may be</u> inadequate." <u>Citizens for Balanced Use v. Montana Wilderness Ass'n</u>, 647 F.3d 893, 898-901 (9th Cir. 2011) (emphasis added). Here, the court finds that the proposed intervenors have made a sufficient showing that the existing defendants may not adequately represent their interests.

In the alternative, the court finds that permissive intervention is clearly warranted. As for the restrictions plaintiffs wish to have imposed on the intervenors' participation in the lawsuit, the court agrees that defendants and defendant-intervenors should cooperate so as to avoid duplicative discovery, and insofar as possible, to avoid duplicative motion practice. With regard to motions, at a minimum, the three defendant-intervenors must join together n the briefing of any motion or opposition to a motion.

The date for the hearing, previously set for September 19, 2012, is VACATED.

**IT IS SO ORDERED.**

Dated:  September 14, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge